Maxwell, J.
This suit was commenced in the conrt of a justice of the peace. The facts must be gained from an examination of the record made in the county court where the case was tried on appeal from the justice of the peace.
Stewart, appellee, sued Beaman, appellant, to recover the value of a phaeton and top buggy, which Beaman, as sheriff of Pueblo county, had levied upon and sold under and by virtue of two writs of execution, issued out of the district court of Pueblo county, against The F. H. Stewart Carriage Company, a corporation, of which Stewart, appellee, was president, or acting president, at the time the carriage company (some three months previous to the happening of the events herein) went out of business, not by statutory dissolution, but by a distribution of its property among some of its creditors, and turning over its place of business to a partnership, consisting of appellee and John PI. Frost, under the firm name of Stewart & Frost, who were in possession of the premises, and in whose custody was the personal property at the time the sheriff made the levy.
The case was tried in the county court to a jury, which returned a.'verdict in favor of appellee, upon which judgment was rendered and this appeal therefrom.
Eighteen errors are assigned, which, for convenience, may be arranged for consideration as follows :
First. Did the court err in refusing to permit appellant to interrogate appellee as to what he paid for the phaeton, and in refusing to instruct the jury that the measure of appellee’s damages was the amount paid by him for the vehicles.
*224 Second. Was there error in the court’s refusal to instruct the jury that an estoppel arose against the appellee, because it was shown that he mixed his own goods with those of others, upon which executions were levied in his presence, and by his statements and conduct at the time the levies were made.
First. The measure of damages for the conversion of property is its value at the time of conversion, with legal interest from the date of conversion. —Schluter et al. v. Jacobs, 10 Colo. 449; Sutton v. Dana, 15 Colo. 100; Sylvester v. Craig, 18 Colo. 48; Hannan v. Connett, 10 Colo. App. 171.
In arriving at such value it is proper, in some cases, to take into consideration what the property cost, as a circumstance to aid in arriving at its value at the time in question.
In the pending case appellee testified that he had purchased the property in controversy for his own use at a “nominal price,” and, with another witness, testified to the market value of the property at the time of conversion. There was abundant competent evidence before the jury as to the market value of the property at the time when it was taken, and as the verdict of the jury was evidently arrived at by taking an average of the testimony introduced, as to the value of the property, we do not believe there was prejudicial error in refusing to permit the appellant to interrogate appellee as to the price he paid for the phaeton. There was no attempt to prove what appellee paid for the top buggy.
Evidence of the price paid by appellee having been excluded, there was nothing in the record upon which to base an instruction to the effect that the measure of damages was the amount paid for the vehicles, and hence such an instruction was properly refused.
Second. The statement of the second proposi *225 tion relied upon by appellant involves an assumption which is not justified by the facts as they appear from the record. It was not shown that appellee had mixed his goods with those of others, upon which executions were levied in his presence..
The executions were against the carriage company. The evidence showed that the property levied upon was not the property of the carriage company, but was the property of the appellee and others against whom there were no executions.
It follows, therefore, that the authorities cited by appellant in support of the proposition that it is the duty of a party who mixes his goods with others, which are subject to the levy of an execution, to point out to the officer the goods owned by him, and if he fails to do so he is estopped from afterward claiming them, are not in point.
Before the sheriff made the levy, appellee informed the sheriff that the property upon which he said he intended to make the levy, and upon which he subsequently levied, was not the property of The F. H. Stewart Carriage Company, but did not inform him that he was the owner of the property in controversy in this action. In reply to this the sheriff said to appellee that he was indemnified, was acting under instructions of the attorney of the judgment creditors, came for the purpose of making the levy, intended to make it and did make it. The morning after the sheriff made the levy, appellee made a written demand upon him for the return of the property in' controversy, which was refused, and this suit commenced within three days thereafter.
It is insisted by appellant that appellee is estopped from maintaining this action by reason of his failure to notify the sheriff, before the levy was made, that he was the owner of the particular property involved in the pending’ litigation.
*226 We do not think that the testimony in this case established the existence of 'the essential and necessary elements of an estoppel.
The elements constituting an estoppel and essential and necessary thereto are clearly settled by the courts of this state in Patterson v. Hitchcock, 3 Colo. 536; Griffith v. Wright, 6 Colo. 250; Ayer v. Younker, 10 Colo. App. 28, and C. F. & I. Co. v. Lenhart, 6 Colo. App. 516.
There is nothing in the record in this case to indicate that the appellee said or did anything, or failed to say or do anything, at or before the time the sheriff made the levy, which was intended or calculated to deceive or mislead the sheriff, and with the intention of inducing the sheriff to act thereon, .and there is nothing to indicate that the sheriff was induced to act upon any statement made by the appellee at or before the time the levy was made.
In Patterson v. Hitchcock, supra, the following among others are given as essential and necessary elements of an estoppel: “á — It must have been made with the intention that the other party should act upon it. 5 — The other party must have been induced to act upon it. ” • '
The absence of these essential and necessary elements of an estoppel in this case is fatal to appellant’s contention.
Failing to perceive any error in the record, the judgment will be affirmed. Affirmed.